UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Enrique Martinez, | ) C/A No. 5:13-559-GRA-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden Atkinson, Kenny, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Enrique Martinez ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Petitioner is an inmate in Federal Correctional Institution Edgefield ("FCI Edgefield") in Edgefield, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

I.  Background

    A.  Procedural History and Petitioner's Allegations

Petitioner files this § 2241 petition for writ of habeas corpus challenging his conviction and sentence, entered in the United States District Court for the Middle District of Georgia on June 16, 2009, in *United States v. Martinez*, 7:09-cr-00002-HL-TQL (M.D. Ga.).[1] Petitioner alleges that he was indicted on two violations of federal firearms laws, *i.e.* possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), and possession of a firearm by a convicted felon in violation of

---

[1] The undersigned takes judicial notice of Petitioner's prior criminal and post-conviction proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

18 U.S.C. § 922(g)(1). Petitioner alleges that the second count of the indictment was dismissed and that he pleaded guilty to possession of an unregistered firearm and was sentenced to a 100-month term of imprisonment. Petitioner alleges that he filed a direct appeal on July 20, 2009, and the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence, on February 26, 2010, granting Petitioner's counsel's motion to withdraw from further representation after the filing of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner alleges that he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the ground of ineffective assistance of counsel, and that the sentencing court appointed counsel to represent Petitioner and held an evidentiary hearing on Petitioner's motion on November 16, 2010. ECF No. 1-1 at 2.² Petitioner does not indicate the date on which he filed his § 2255 motion, nor does he include specific details regarding the court's decision on that motion or the date of the court's decision. Petitioner alleges that the denial of his § 2255 motion was affirmed by the Eleventh Circuit on July 13, 2011.³ He does not allege that he filed any request with the Eleventh Circuit to file a second § 2255 motion prior to filing the Petition now before the court.

---

² Petitioner's pleading includes a completed form entitled "Petition for Writ of Habeas Corpus by a Person in Federal Custody," ECF No. 1, and a separate, typed Petition, ECF No. 1-1. Petitioner has also submitted a deposition excerpt, ECF No. 1-2, and an "Affidavit of Fact," ECF No. 1-3.

³ *See* ECF No. 1 at 6. The undersigned takes judicial notice of the record in *United States v. Martinez*, C/A No. 7:09-cr-00002-HL-TQL (M.D. Ga.), which indicates that Petitioner filed his § 2255 motion on April 14, 2010, and that the sentencing court denied that motion on June 16, 2011. That record indicates Petitioner filed a notice of appeal on July 11, 2011, and motions for a certificate of appealability and leave to appeal *in forma pauperis* on August 11, 2011. The sentencing court found no substantial showing of a constitutional violation and denied Petitioner's motion for a certificate of appealability on August 15, 2011. On October 31, 2011, the Eleventh Circuit's mandate denying Petitioner's motion for a certificate of appealability was filed in the sentencing court. *See* C/A No. 7:09-cr-0002-HL-TQL, ECF Nos. 29, 46, 47, 48, 51, 52, 53, 55.

In the instant § 2241 Petition, Petitioner asserts that he is being held unlawfully on the ground of an "invalid enhancement" of his sentence. Petitioner alleges that he "received an upward increase for stolen guns, which were never stolen by him. The court knew that he was not the person who actually stole the guns. Petitioner's sentence was enhanced by two (2) criminal history points." ECF No. 1 at 4. Petitioner included no substantive response to Question 12 on the form Petition, which provides: "If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention." ECF No. 1 at 6. Petitioner responded by writing "N/A." *See id.* In Petitioner's typed attachment to the § 2241 form, Petitioner acknowledges that pursuant to "the saving clause in 28 U.S.C. § 2255 a Federal Prisoner may bring a claim challenging his conviction or imposition of sentence under 2241 if it appears that the remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his sentence[.]" ECF No. 1-1 at 6. Petitioner alleges that "the district court clearly erred by imposing the given sentence, The abuse of trust enhancement under U.S.S.G. § 3B1.3, and by not adequately stating it[]s reasons for imposing the given sentence as required by § 3553c." *Id.* Petitioner also alleges that he objected "[a]t sentencing . . . because his sentence was enhanced with facts that were neither alleged in the indictment nor proven by a jury beyond a reasonable doubt." *Id.* As a result, Petitioner argues, "his sentence was determined by an invalid enhancement as well as an incorrect criminal history which should have been level III criminal history and not criminal history IV." *Id.* at 7.

II.     Applicable Law

    A.     Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The court is required to construe pro se petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules

4

Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

    B.    Habeas Corpus Generally

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678-79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"); *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

    C.    Savings Clause of § 2255

A petition attacking the validity of a federal sentence should normally be brought under 28 U.S.C. § 2255 by motion filed in the sentencing court. Second or successive § 2255 motions are prohibited unless a panel of the appropriate courts of appeals certifies the subsequent motion to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

A federal petition who has not received certification to file a subsequent motion under 28 U.S.C. § 2255(h), though, may pursue relief through a § 2241 habeas petition if the petitioner can satisfy the savings clause of § 2255.[4] *See San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To trigger the savings clause of § 2255(e) and proceed under § 2241, a petitioner would have to show that something more should be considered by this court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *Jones*, 226 F.3d at 333-34.[5]

---

[4] The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[5] The *Jones* court set forth the following test to be considered in evaluating whether a party has triggered the savings clause of § 2255(e) based on a retroactive change of law:

> (1) at the time of the conviction, settled law of [the United States Court of Appeals for the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.*

II.     Discussion

The Petition in this case should be dismissed because Petitioner's claims are cognizable only through a motion filed pursuant to 28 U.S.C. § 2255, not through a petition filed pursuant to 28 U.S.C. § 2241. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 805 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The *In re Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test outlined above, then resort may be had to § 2241 to raise a claim of actual innocence because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334. Petitioner's allegations do not satisfy the *In re Jones* test. Petitioner alleges that he "files on the grounds that the enhancement was improperly applied. Therefore he is innocent of the sentencing factor." ECF No. 1-1 at 6. Petitioner does not allege that the substantive law has changed since his conviction such that the conduct of which Petitioner was convicted is deemed not to be criminal. Petitioner does not allege that he is innocent of the crime of possession of an unregistered firearm.[6] Rather, Petitioner alleges that his sentence for his

---

[6] To the extent that Petitioner asserts that the April 2012 affidavits of Jose Martinez and Joel Rodiguez Leon, ECF No. 1-3, constitute evidence to be considered pursuant 28 U.S.C. § 2244(b)(2)(B)(ii), such assertion is not appropriately considered in this court. Petitioner's presentation of newly discovered evidence purporting to show his actual innocence so as to satisfy the gate-keeping provision of § 2255(h) must be made to the Eleventh Circuit by way of a motion for an order authorizing the sentencing court to consider Petitioner's second or successive § 2255 motion. *See, e.g., Wright v. Nash*, 84 F. App'x 143, 146 (2d Cir. 2004) (noting that "venue with respect to any successive § 2255 motion" lay with the court where petitioner was convicted and sentenced).

In any event, the affidavits—attesting that the two firearms that Petitioner possessed and sold to a confidential informant of the Government were not stolen by Petitioner but were firearms which Mr. Rodriguez Leon had previously stolen and hidden on Petitioner's property — have no bearing on the lawfulness of Petitioner's guilty plea and conviction of the offense of possession of an

7

conviction was improperly enhanced and should be vacated because the sentencing guidelines were misapplied or because the judge based Petitioner's enhanced sentence on facts that were not admitted by Petitioner or found by a jury to exist beyond a reasonable doubt.[7]

---

unregistered firearm, or on the lawfulness of Petitioner's enhanced sentence for his conviction.

To establish a violation of section 5861(d), the Government must prove beyond a reasonable doubt that the defendant knowingly possessed the item and also knew "the item he possessed had the characteristics that brought it within the statutory definition of a firearm" but need not prove that the defendant knew that the item fell within the statutory definition. *Rogers v. United States*, 522 U.S. 252, 254-55 (1998); *Staples v. United States*, 511 U.S. 600, 619 (1994). In other words, the Government does not need to prove that the defendant knew the firearm was unregistered. *United States v. Freed*, 401 U.S. 601, 607-10 (1971).

Section 2K2.1(b)(4)(A) of the Guidelines instructs courts to increase a defendant's offense level by two points if the firearm involved in a section 5861 offense was stolen. This enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1 cmt. n. 8(B). In *United States v. Richardson*, 8 F.3d 769 (11th Cir. 1993), the Eleventh Circuit held as follows:

> Richardson argues the district judge erred in levying the two level enhancement because Richardson did not know the firearm was stolen. First, Richardson contends that the application of § 2K2.1(b)(4) to his sentence was unconstitutional because due process requires that the government prove that Richardson had knowledge that the firearm was stolen. Second, Richardson asserts that since the Sentencing Guidelines do not explicitly provide any indication of what mens rea requirement obtains for possession of a stolen firearm, the rule of lenity mandates that the government prove Richardson knew the firearm was stolen. We disagree with both of Richardson's contentions. We join two other circuits in holding that the lack of a mens rea element in the sentencing enhancement for possession of a stolen firearm does not offend due process because § 2K2.1(b)(4) does not create a crime separate and apart from the underlying felony.

*United States v. Richardson*, 8 F.3d at 770. *See also United States v. Taylor*, 659 F.3d 339 (4th Cir. 2011) in which the Fourth Circuit considered the same U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(A) instruction as applied to a section 922(g) offense, found it "unsurprising that every circuit to have considered a challenge to the sentencing enhancement in section 2K2.1(b)(4)(A) has upheld the guideline," and also upheld the validity of the enhancement.

[7] To the extent that Petitioner asserts that his enhanced sentence violates *Booker v. United States*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Petitioner's reliance on these cases is misplaced. Petitioner's enhanced sentence of 100 months for his violation of 26 U.S.C. § 5861(d) was not beyond the prescribed statutory maximum of 10 years set forth in 26 U.S.C. § 5871. Thus, *Booker* and *Apprendi* do not apply here, except that

The *In re Jones* test has been specifically construed in this circuit and district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence—as opposed to actual innocence of the underlying criminal conviction—are not properly raised through § 2241. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34); *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011) (en banc) (stating, when petitioner argued that he was "actually innocent" of being a career offender when carrying a concealed firearm was no longer a crime of violence, "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h).  Not one circuit has held to the contrary."). *See also Chestnut v. Mitchell*, No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975, adopted by 2010 U.S. Dist. LEXIS 12591 (D.S.C. Feb. 12, 2010); *Evans v. Rivera*, No. 0:09-1153-JFA-PJG, 2009 WL 2232807 (D.S.C. July 23, 2009).

---

they made the Guidelines advisory on the sentencing court.  *See Booker*, 543 U.S. at 244 ("Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

9

In the instant case, Petitioner has not been precluded from asserting his sentencing claims under § 2255. Although the sentencing court denied his initial § 2255 motion and the Eleventh Circuit denied his motion for a certificate of appealability, Petitioner cannot say that the § 2255 remedy was or is inadequate or ineffective. It is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n.5. Because Petitioner cannot satisfy the *In re Jones* test or show any other exceptional reason for resort to § 2241 to raise an alleged sentencing-error issue in this case, Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that the instant Petition be dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO RECOMMENDED.

March 11, 2013                                           Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).