UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Enrique Martinez, | ) | C/A No.: 5:13-cv-0559-GRA |
|             Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden Atkinson, Kenny, | ) | |
|             Respondent. | ) | |
| _____ | ) | |

      This matter comes before the Court for review of Magistrate Judge Kaymani D. West's Report & Recommendation filed on March 11, 2013, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C. Petitioner Enrique Martinez ("Petitioner") filed this action on February 27, 2013,[1] pursuant to 28 U.S.C. § 2241. ECF No. 1. Under established local procedure in this judicial district, Magistrate Judge West made a careful review of the *pro se* Petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Magistrate Judge West recommends that the Petition be dismissed *without prejudice* and without requiring Respondent to file a return. For the reasons stated herein, this Court adopts the Report and Recommendation in its entirety.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Petitioner brings this claim *pro se*. The Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In the instant case, Petitioner timely filed objections to the report on March 27, 2013. ECF No. 14.

Upon review of Plaintiff's objections, the Court finds that his objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Therefore, the objections lack specificity to trigger *de novo* review and will not be addressed.

After a thorough review of the Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 Petition is dismissed *without prejudice*. Respondent is not required to file an answer to the Petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  3 , 2013
Anderson, South Carolina