UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Enrique Martinez, | ) | C/A No.: 5:13-cv-0559-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Atkinson, Kenny, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court upon Petitioner Enrique Martinez's ("Petitioner") *pro se* Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure of the Court's April 3, 2013 order adopting United States Magistrate Judge Kaymani D. West's Report and Recommendation and Petitioner's 28 U.S.C. § 2241 petition without prejudice. For the reasons stated herein, the Motion for Reconsideration is DENIED.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to

unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Petitioner filed his § 2241 petition on February 27, 2013,[1] seeking habeas relief. ECF No. 1. Specifically, Petitioner alleges that his sentence for his convictions was improperly enhanced and should be vacated because the sentencing guidelines were misapplied or because the judge based Petitioner's enhanced sentence on facts that were not admitted by Petitioner or found by a jury beyond a reasonable doubt. *Id.*

Magistrate Judge West issued her Report and Recommendation on March 11, 2013, and Petitioner timely filed objections on March 27, 2013. ECF Nos. 11 & 14. The Court subsequently adopted the Report and Recommendation on April 3, 2013 and dismissed Petitioner's § 2241 petition without prejudice.

## Discussion

Petitioner brings this Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a party to file a motion to alter or amend a judgment within "28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). It may only be granted for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* A Rule

---

[1] Prisoner petitions are deemed filed when they are delivered to prison authorities for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).

59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).

Having reviewed Petitioner's motion, the Court finds that his Motion for Reconsideration presents no new controlling law, nor new evidence, nor does it point to any clear legal error of this Court. Therefore, the Court finds that its prior decision dismissing the case was and is correct as a matter of law.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  30 , 2013
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.